UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EDNA ESPANOL,<br><br>        Plaintiff,<br><br>vs.<br><br>JAMES N. TOOKES, J.N.T. PROPERTIES, INC., and PAUL MING<br><br>        Defendants. | Case No: C 99-3720 SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR AND RENEWAL OF JUDGMENT**<br><br>Docket 22 |

## I. <u>BACKGROUND</u>

Plaintiff, an attorney, has filed a pro se Application for and Renewal of Judgment. She seeks to extend a stipulated money judgment entered by the Court on February 10, 2000, in favor of Plaintiff against Defendants James Tookes (Tookes), J.N.T. Properties, Inc. (JNT), and Paul Ming (Ming). Under the terms of the parties' stipulation for judgment, (1) Tookes and JNT were to pay $55,000 by February 10, 2000, and (2) Tookes, JNT and Ming were to pay $100,000 by May 1, 2000. The agreement provided that timely payment of these amounts would be sufficient to satisfy the judgment. However, in the event that Defendants failed to make either installment, Defendants would assume liability for a judgment in the amount of $205,000, less any amounts received.

In her verified application to renew the judgment, Plaintiff states that Tookes and JNT timely paid $55,000 on February 10, 2000. On May 6, 2006, Plaintiff accepted the sum of $110,000 from Ming. Thus, Plaintiff seeks to extend the judgment for another ten years so that she can recover the unpaid balance of the judgment plus interest, for a total amount of $121,127.37. In addition, Plaintiff seeks $6,005.71 in attorneys' fees and costs allegedly incurred to enforce the judgment.

## II. DISCUSSION

Plaintiff fails to cite any legal authority to support her request. Nonetheless, the Court notes that the law of the forum states controls the time limits applicable to the enforcement of a judgment. See Fed.R.Civ.P. 69(a)(1); Matanuska Val. Lines, Inc. v. Molitor, 365 F.2d 358, 359-60 (9th Cir. 1966). Here, the forum state is California, the law of which provides that a money judgment may not be enforced after the expiration of 10 years following the date of entry of the judgment. Cal.Code Civ.P. § 683.020. However, an enforceable judgment may be renewed for a period of 10 years if the renewal is filed before expiration of the judgment. Id. §§ 683.120(a), (b), 683.130(a). Filing of the renewal application automatically renews the judgment. Id. § 683.150(a). "In the case of a money judgment, the entry of renewal shall show the amount of the judgment as renewed." Id.

"Interest accruing on an unpaid federal judgment is governed by federal law—even in diversity cases." See Schwarzer, Tashima & Wagstaffe, Fed. Civ. P. Before Trial, § 1:1130 at 1-107 (TRG 2008). In calculating the rate of prejudgment interest to be awarded, the court should award the rate prescribed by 28 U.S.C. § 1961—the Treasury bill or "T-bill" rate-unless the court "finds, on substantial evidence, that the equities of that particular case require a different rate." Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1164 (9th Cir. 2001).

As noted above, Defendants made an initial payment of $55,000 on February 10, 2000 and Ming made a payment of $110,000 on May 6, 2006. Plaintiff claims that the applicable interest rate on the unpaid balance is 6.28%. However, she provides no authority or evidence to establish that 6.28% is the applicable rate for post-judgment interest. Also unsupported is Plaintiff's request for attorneys' fees and costs in the amount of $6,005.71. The judgment states that Plaintiff is entitled to fees and costs "to enforce this judgment[.]" (Judgment ¶ 5.) Under the stipulation for judgment, the stated mechanism for enforcement is "by writ of execution or otherwise in accordance with law." (Stipulation ¶¶ 4-5, emphasis added.) Yet, there is nothing in the record to show that Plaintiff incurred any fees in seeking a writ of execution. Nor does she provide any explanation or support to establish the reasonableness of the requested fees or that resources

expended to extend the judgment are tantamount to enforcing a judgment.[1]  Moreover, Plaintiff provides no legal authority that an attorney acting pro se is entitled to recovery of attorney's fees under the circumstances presented.  Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Application for and Renewal of Judgment is GRANTED.  The amount of the money judgment requested by Plaintiff is DENIED without prejudice.  Plaintiff may renew her request provided that she cures the deficiencies noted above. All further matters relating to the requested amount of renewed judgment are REFERRED to the Chief Magistrate Judge or her designation for a Report and Recommendation.  This Order terminates Docket 22.

IT IS SO ORDERED.

Dated: February 10, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] To the extent that Plaintiff is claiming that she, as an attorney, incurred the equivalent of $6,005.71 in fees to prepare the instant motion, such request is unreasonable.  The papers submitted by Plaintiff are completely devoid of *any* legal authority to support her various requests and the evidentiary support is equally lacking.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ESPANOL,

        Plaintiff,

  v.

TOOKES, ET AL et al,

        Defendant.
                                          /

Case Number: CV99-03720 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 11, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Edna C. Espanol
1 Embarcadero Center
Suite 500
San Francisco, CA 94111

James N. Tookes
J.N.T. Properties, Inc.
116 East Third Avenue
Tallahassee, FL 32303

Paul W. Ming
838 Tuscumbia Drive
Birmingham, AL 35214

William Robledo Edgar
4611 Malat Street
Oakland, CA 94601

Dated: February 11, 2010
                                      Richard W. Wieking, Clerk

                                      By: LISA R CLARK, Deputy Clerk